{¶ 1} Appellant, Angelia Willochell-Makau, has appealed from the decision of the Summit County Court of Common Pleas, Juvenile Division, which overruled her objections to the magistrate's decision adjudicating three of her children to be dependent and one of her children to be abused and dependent. We affirm.
 I. {¶ 2} Appellant is the mother of T.W., J.M., T.M., Jr., and D.O. On August 27, 2003, a magistrate adjudicated all four children to be dependent, and, in addition, adjudicated T.W. to be abused. As part of this decision, the magistrate ruled that Children Services Board ("CSB") was not required to make reasonable efforts to eliminate the continued removal of Appellant's children from her home. The magistrate explained that this ruling was predicated upon its finding that "[o]n June 10, 2003, Angelia Willochell lost permanent custody of three children in Harrison County, Mississippi, who are the siblings of the children in the instant case, after the children in Mississippi were adjudicated abused and neglected."
 {¶ 3} Appellant timely filed objections to the magistrate's adjudication challenging, among other things, the magistrate's finding that CSB was not required to make reasonable efforts to eliminate the continued removal of the four children from her home. The trial court overruled all of Appellant's objections and adopted the magistrate's decision.
 {¶ 4} Appellant timely appealed, raising one assignment of error.
 II.
"The trial court erred in finding that csb was not required to make reasonable efforts to prevent the removal of the child[ren] from the child[ren]'s home, to eliminate the continued removal of the child[ren] from the child[ren]'s home, or to make it possible for the child[ren] to return safely home."
 {¶ 5} In her sole assignment of error, Appellant contends that the trial court failed to comply with R.C. 2151.419 when it determined that CSB was not required to make reasonable efforts to eliminate the continued removal of the four children from her home. We disagree.
 {¶ 6} At adjudication hearings such as the one at issue in this appeal, trial courts are required to determine whether or not CSB is required to make reasonable efforts to eliminate the continued removal of a child from their home. See R.C.2151.419(A)(1). This determination is directed by R.C.2151.419(A)(2) where a parent has lost parental rights with respect to a sibling of the child pursuant to R.C. 2151.353,2151.414, or 2151.415. Under that circumstance, the trial court is required to find that CSB is not obligated to make reasonable efforts to eliminate the continued removal of the child from their home. R.C. 2151.419(A)(2).
 {¶ 7} Juv.R. 40(E)(3)(c) provides that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available." The record reveals that Appellant failed to file the transcript of the hearing before the magistrate when she filed her objections to the magistrate's decision. Further, Appellant did not file an affidavit in lieu of a transcript. In its order overruling Appellant's objections to the magistrate's decision, the trial court noted the omission of the transcript and explained that the only materials it had before it were Appellant's objections, CSB's response to those objections, the magistrate's decision, and the court file. Based upon those materials, the trial court concluded that the magistrate's determination that CSB was not obligated to make reasonable efforts was correct on the basis of R.C. 2151.419(A)(2), because "evidence was presented to the Court with respect to the fact that Ms. Willochell-Makau had had her parental rights involuntarily terminated as to a sibling of the subject children in these cases[.]"
 {¶ 8} Appellant maintains that this ruling is contrary to law because she did not lose her parental rights with respect to the siblings of T.W., D.O., J.M., and T.M., Jr. pursuant to any of the Ohio Revised Code sections enumerated by R.C. 4151.419(A)(2). Rather, Appellant contends, she lost her parental rights with respect to those siblings pursuant to Mississippi law.
 {¶ 9} Our review is limited to those materials before the trial court when it ruled on Appellant's objections. State v.Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. Those materials do not specify the law under which Appellant lost her parental rights with respect to the siblings. Because the record before us does not contain the transcript necessary for resolution of the assignment of error, we must presume the validity of the lower court's proceedings and affirm.Knapp v. Edwards (1980), 61 Ohio St.2d 197, 199.
 {¶ 10} Appellant's sole assignment of error is overruled.
 III. {¶ 11} Appellant's sole assignment of error is overruled, and the decision of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., Concurs.